# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFONSO PERCY PEW,** | : | **CIVIL NO. 3:15-CV-1042** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOSE LUIS BOGGIO, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM ORDER</u>

THE BACKGROUND OF THIS CASE IS AS FOLLOW:

This case is an inmate *pro se* lawsuit filed by a state prisoner, Alfonso Pew. Pew's approach to this litigation has entailed, at times, conflation of claims and confusion of parties, an approach to litigation which potentially frustrates efforts to address his concerns in a coherent reasoned fashion.  In order to provide some order to the chaotic course of this lawsuit, we shall endeavor to untangle the current litigation and provide all parties with a fair and orderly path to resolve these claims by filing orders and Reports and Recommendations, as described in greater detail below.

Pew's original complaint (Doc. 1.) was filed on May 29, 2015, named a single defendant, Dr. Boggio, and alleged a failure by the doctor to address a medical concern of Pew's, high blood pressure.  (Id.)  The district court granted Pew leave to

proceed *in forma pauperis* on this claim, observing that: "While it is true that plaintiff has three or more strikes under 28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* in a civil action, he alleges facts which indicate that he was under imminent danger of serious physical injury at the time this action was filed. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307,315 (3d Cir. 2001). As such, he will be permitted leave to proceed *in forma pauperis* and service of the complaint will be directed." (Doc. 12, p. 2.) Dr. Boggio was then served with this complaint, and filed a motion to dismiss, or in the alternative, for summary judgment, on October 1, 2015. (Doc. 34.) Pew has failed to respond to this motion, and the time for responding to this motion has passed. Dr. Boggio also filed a motion to revoke Pew's *in forma pauperis* status, (Doc. 30.), which in essence challenged the district court's finding that Pew had adequately claimed that he faced an imminent danger of serious bodily injury. Pew, in turn, has opposed this motion to revoke his *in forma pauperis* status. (Doc. 33.)

While Pew has not responded to Dr. Boggio's motion to dismiss, he has filed other pleadings which in some ways simply compound the confusion in this case. For example, on July 29, 2015, Pew filed a document styled as an amended complaint. (Doc. 20.) This amended complaint named Dr. Boggio as a defendant, but did not recite any well-pleaded facts relating to the doctor's involvement in any wrongdoing.

Instead, the amended complaint exclusively discussed other, unrelated alleged misconduct by three other defendants, Audra Woods, Frederick Jenkins, and Joe Miller. These allegations appear to relate to mental health care and treatment that Pew alleges he has been denied, an issue that was separate and distinct from the original medical concerns which animated Pew's claims against Dr. Boggio. (Id.)  None of these newly named defendants have been served.

Pew then filed two motions seeking injunctive relief. (Docs. 28 and 36.)  One motion, (Doc. 28.), claimed that officials at SCI Camp Hill were denying Pew sustenance. This motion, however, is now moot, since Pew is no longer housed at this facility.  Pew's second motion for injunctive relief, (Doc. 36.), sought some six categories of relief from a host of non-party correctional officials relating to his cell conditions, law library access, failure to complete the prison SMU program, and entitlement to several boxes of legal materials in his cell. (Id.)  None of these matters, which presumably have occurred at SCI Forest where Pew was transferred in September 2015, are directly related to the legal claims made in Pew's complaint or amended complaint.  Furthermore, while these motions for injunctive relief are flawed, they are also premature since Pew has not affected service on any corrections officials in this case, his claims against corrections staff remain unclear, and no one has entered an appearance on behalf of corrections officials in this matter.

# ORDER

It is against the backdrop of this welter of pleadings, that we now proceed.  In order to create litigative order here IT IS ORDERED that the plaintiff shall either:  (1) file a single comprehensive and comprehensible amended complaint; or (2) respond to the pending motion to dismiss by **December 2, 2015**.  However, we instruct the plaintiff that this "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011).  Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.  This complaint must be a new pleading which stands

by itself as an adequate complaint without reference to any other pleading already filed.  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought.  Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.  The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, if Pew elects not to file a single comprehensive and comprehensible complaint then he must respond to the pending motion to dismiss by **<u>December 2, 2015</u>**.  The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after

service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

So ordered this 19th day of November 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge