UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW,

        Plaintiff,                Civil Action No. 3:15-CV-1042

      v.                            (Judge Kosik)

JOSE BOGGIO, et al,

        Defendants.

## MEMORANDUM

Before this Court is a Report and Recommendation ("R&R") by Magistrate Judge Martin C. Carlson, recommending that Plaintiff's Motion for Leave to Amend (Doc. 49) be denied and that Defendant Boggio's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 34) be granted. For the reasons which follow, the Court will adopt the Magistrate Judge's Recommendation.

### I. PROCEDURAL HISTORY

Plaintiff filed his *pro se* Complaint (Doc. 1), on May 29, 2015. Plaintiff then filed a motion to proceed *in forma pauperis* (Doc. 9), which was granted on June 25, 2015 (Doc. 12). On July 27, 2015, Plaintiff filed an amended complaint (Doc. 20).[1] On August 28, 2015, Defendant Boggio filed a Motion to Revoke In Forma Pauperis Status (Doc. 30), arguing

---

[1] In this amended pleading, Plaintiff named three additional defendants, in addition to Defendant Boggio. However, it is noted that Plaintiff has failed to serve any of these other individuals and that Plaintiff now argues that this amended complaint was not filed in conformance with the Federal Rules of Civil Procedure, and therefore, should not be considered as an amended pleading. For clarity's sake, we will refer to Doc. 20 as Plaintiff's amended complaint and Docs. 49 and 50 as Plaintiff's Motion for leave to file a second amended complaint.

Plaintiff is in violation of 28 U.S.C. § 1915(g) for having previously filed at least three civil actions which were dismissed as either frivolous or for failing to state a claim upon which relief could be granted.  Plaintiff filed a Brief in Opposition to the same on September 21, 2015 (Doc. 33).  Magistrate Judge Martin C. Carlson issued a Report and Recommendation on November 19, 2015, recommending Defendant's Motion to Revoke In Forma Pauperis Status (Doc. 30) be denied without prejudice (Doc. 39).  On February 23, 2016, this Court issued a Memorandum and Order (Docs. 47 and 48), adopting the Magistrate Judge's Reports and Recommendations (Docs. 38 and 39).  Defendant also filed a Motion to Dismiss, or in the alternative, for Summary Judgment on October 1, 2015 (Doc. 34).

Plaintiff, having not responded to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 34), was ordered by the Magistrate Judge to either: (1) file a single comprehensive and comprehensible amended complaint; or (2) respond to the pending motion to dismiss by December 2, 2015 (Doc. 40).  On December 16, 2015, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss (Doc. 43).  Then, on April 15, 2016, Plaintiff also filed a Motion for leave to file a second amended complaint and a brief in support (Docs. 49 and 50).  The Magistrate Judge issued a R&R on May 4, 2016, recommending Plaintiff's Motion for leave to file a second amended complaint (Doc. 49) be denied, and Defendant's Motion to Dismiss, or in the alternative, for summary judgment, be granted (Doc. 51).  Plaintiff subsequently filed objections to the R&R on May 16, 2016 (Doc. 52).  Plaintiff also filed a Motion for Emergency Injunction and Brief in Support that same day (Docs. 53 and 54).

## II. BACKGROUND

Plaintiff is an inmate currently confined at SCI-Forest in Marienville, Pennsylvania.

Plaintiff's civil rights action was initiated on May 29, 2015, naming as sole defendant, Dr. Boggio, a physician at SCI-Camp Hill, and alleges a failure to address Plaintiff's high blood pressure (Doc. 1). Plaintiff subsequently filed, what he has captioned as, an amended complaint (Doc. 20), on July 27, 2015, naming three additional defendants and averring an assortment of grievances against these additional individuals. Nowhere in the body of the amended complaint does Plaintiff aver any factual or legal claims against Dr. Boggio.

On August 28, 2015, Dr. Boggio filed a Motion to Revoke In Forma Pauperis Status of Plaintiff (Doc. 30), challenging this Court's finding that Plaintiff, who is in three-strike status under 28 U.S.C. § 1915(g), had adequately claimed that he faced imminent danger of serious bodily harm. Shortly thereafter, on October 1, 2015, Dr. Boggio filed a Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 34), arguing that Plaintiff's amended complaint fails to make any allegations against Dr. Boggio. Additionally, Dr. Boggio argues that even if the amended and original complaint were viewed as one pleading, Plaintiff's allegations are insufficient as a matter of law to substantiate a claim for a violation of Plaintiff's First, Eighth, or Fourteenth Amendment rights. As the parties have fully briefed the issues, they are ripe for disposition.

### III. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we

are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

We will also analyze Plaintiff's objection in light of the standard employed in resolving motions to dismiss and summary judgment. "When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court." Latham v. U.S., 306 F. App'x 716, 718 (3d Cir. 2009); see also Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). The Third Circuit has held that filing a motion to dismiss, or in the alternative, a motion for summary judgment is sufficient "to place the parties on notice that summary judgment might be entered." Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996)

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time

Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

## IV. DISCUSSION

From what the Court can discern, Plaintiff raises four objections to the R&R. First, Plaintiff asserts that it was an error to rely on Plaintiff's July 20, 2015 amended complaint (Doc. 20), because Plaintiff admits to violating the Federal Rules of Civil Procedure by filing the amended complaint without leave of court. Second, Plaintiff asserts that allowing him to file a second amended complaint would not cause an undue delay. In Plaintiff's third and fourth objection, he contends that he is not attempting to elude 28 U.S.C. 1915(g)'s three-strike bar by filing the second amended complaint and that the Magistrate Judge is penalizing him for these past three strikes. We address each objection in turn.

**A. July 20, 2015 Amended Complaint (Doc. 20)**

The Magistrate Judge notes, and a review of the record reveals, that Plaintiff filed a document captioned amended complaint (Doc. 20) subsequent to filing the original complaint (Doc. 1). In addition to Dr. Boggio, the amended complaint names three additional defendants. However, unlike the original complaint that only named Dr. Boggio as a defendant, upon review of the amended complaint (Doc. 20), it fails to make any allegations against Dr. Boggio in the body of the pleading.

An amended pleading supersedes any prior pleading. See Pacific Bell Telephone Co. V. Linkline Communications, Inc., 129 S. Ct. 1109, 1122 n.4 (2009); West Run Student Housing Associates, LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) ("the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (internal quotations omitted) (citations omitted). If a claim or defense from the prior pleading is omitted from the amended pleading, it is no longer a part of the case. See Mohammadi v. Islamic Republic of Iran, 782 F.3d 9, 18-19 (D.C.Cir. 2015); but see Steel v. Turner Broadcasting Sys., Inc., 607 F. Supp. 2d 258 (D. Mass. 2009) (stating that while an amended complaint ordinarily renders the original inoperative, because of litigant's *pro se* status and the First Circuit's instruction to liberally construe such pleadings in favor of the *pro se* party, the original and amended complaints would be read together).

With the above tenants in mind, even if we read Plaintiff's complaint and amended complaint together, or Plaintiff's original complaint by itself, for that matter, the same still fails as a matter of law. Plaintiff's disagreement over the type of hypertension medication he wishes to be prescribed simply does not rise to the level of an Eighth Amendment violation.

Specifically, the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) and its progeny established two prongs to assert a violation of the Eighth Amendment: 1) deliberate indifference by prison officials; and 2) serious medical needs.  Disagreement "as to the proper medical treatment" does not support a claim of an Eighth Amendment violation.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Gause v. Diguglielmo, 339 F. App'x 132, 136 (3d Cir. 2009) (stating state prison medical official was not deliberately indifferent to inmate in decision to give inmate different medication than requested).

Therefore, even if we do not consider Plaintiff's amended complaint (Doc. 20) and rely solely upon Plaintiff's original complaint, as Plaintiff urges us to do, we concur with the Magistrate Judge's recommendation.  A disagreement with a drug preference simply does not rise to the level of an Eighth Amendment violation.  Accordingly, on the facts and record before us, even taken as true and in the light most favorable to Plaintiff, Dr. Boggio's motion to dismiss, or in the alternative, for summary judgment will be granted, because Plaintiff simply fails to meet the legal and factual threshold necessary to sustain an Eighth Amendment claim of deliberate indifference to serious medical needs.

**B. Motion for Leave to file Second Amend Complaint**

Finally, Plaintiff's remaining objections are to the Magistrate Judge's Recommendation that we deny his motion for leave to amend his complaint.  Specifically, Plaintiff argues that there would not be undue delay if his motion was granted and that he is not attempting to elude his three-strike status under 28 U.S.C. 1915(g), by bringing in an additional 18 defendants and multiple other claims in his second amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure prescribes the manner in which a party

may amend its pleading:

> (1) A party may amend its pleading once as a matter of course within:
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). While leave to amend rests in the sound discretion of the court, we are guided by the Supreme Court case, Foman v. Davis, 371 U.S. 178, 182 (1962), in deciding whether or not to grant leave. The Court listed the following reasons, though not exhaustive, in determining whether to deny leave: undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility. Foman, 371 U.S. at 182. Futility can be found in proposed amendments that either fail to fix the defect in the preceding pleading or fails to state a claim or would otherwise be subject to dismissal. Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Additionally, "[a]ppreciable delay alone, in the absence of a good reason for it, is enough to justify denying a motion for leave to amend." Calderon-Serra v. Wilmington Trust Co., 715 F.3d 388, 390-91 (1st Cir. 2013); CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 629

(3d Cir. 2013) ("significant, unjustified, or 'undue' delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend"); <u>Villanueva v. United States</u>, 662 F.3d 124, 127 (1st Cir. 2011) (finding that amendment of complaint was properly denied where it would have been "tantamount to restarting proceedings, complete with new defendants ... and an entirely new cause of action ...").

     We find, as the Magistrate Judge did, that the facts of this case necessitate a denial of Plaintiff's Motion to amend.  First, Plaintiff was given an opportunity to either amend his complaint or file a response to Dr. Boggio's Motion to Dismiss by the Magistrate Judge on November 19, 2015 (Doc. 40).  Plaintiff, appearing to conform to the Magistrate Judge's directive, filed a Brief in Opposition on December 16, 2015.  More than four months past the deadline the Magistrate Judge gave to file an amended complaint, Plaintiff filed a Motion for leave to amend his complaint, weeks before the Magistrate Judge issued his Recommendation based upon the Motion to Dismiss.  Even more, however, is that Plaintiff's proposed second amended complaint seeks to add an additional 18 defendants that bundle numerous claims and causes of action that were never mentioned in any of Plaintiff's prior pleadings or filings.  Plaintiff's delayed filing of his motion for leave to amend until after he had already filed a brief in opposition, as well as his attempt to now add voluminous amounts of additional defendants and claims is an " 'unwarranted burden on the court' that counsels against granting [Plaintiff's] request" for leave to amend. <u>CMR D.N. Corp.</u>, 703 F.3d at 629, <u>citing</u> <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001); <u>see</u> <u>Villanueva</u>, 662 F.3d at 127  Therefore, for the reasons set forth by the Magistrate Judge in his R&R (Doc. 51) as well as those mentioned above, Plaintiff's Motion for Leave to Amend (Doc. 49) will be denied.

**C. Emergency Preliminary Injunction**

On the same day that Plaintiff filed objections to the R&R, he also filed a Motion for Emergency Injunction, seeking essentially the same relief sought in his complaint, namely, the restoration of a specific drug, different from the one in which he is currently prescribed. A party seeking a preliminary injunction bears the burden of persuading the court that: (1) the movant has a reasonable probability of success on the merits; (2) the movant will be irreparably injured if the relief is denied; (3) granting the preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).

Here, we need to look no further than the first prong in determining that Plaintiff's motion fails. We have already determined that a disagreement with a drug preference simply does not rise to the level of an Eighth Amendment violation. See IV Discussion, supra; Gause v. Diguglielmo, 339 F. App'x 132, 136 (3d Cir. 2009) (stating state prison medical official was not deliberately indifferent to inmate in decision to give inmate different medication than requested). Plaintiff's instant motion is a mere reiteration of his averments set forth in his complaint and his desire to be prescribed one medication over another. Because a disagreement with a drug preference does not rise to the level of an Eighth Amendment violation, as a threshold matter, Plaintiff has failed to demonstrate a likelihood of success on the merits. Accordingly, his Motion for Injunctive relief will be denied.

**V. CONCLUSION**

For the reasons set forth above, the Court will adopt the Magistrate Judge's R&R and deny Plaintiff's Motion for Leave to Amend, and will grant Defendant Boggio's Motion to

Dismiss, or in the alternative, for Summary Judgment.  Additionally, the Court will deny Plaintiff's Motion for Emergency Injunction.  Finally, given the fact that the only properly named and served defendant in this matter, Dr. Boggio, is being dismissed from this action, this case will be closed.  The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations.  An appropriate order is attached.